UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

LOVELLA HORTON,                        :
                                       :
                            Plaintiff, :
                                       :
                                       :
              -v-                      :
                                       :
WELLS FARGO BANK N.A., THE BANK OF     :
NEW YORK as Trustee for World Savings Bank:
Mortgage Pass Through Certificates REMIC 29 :
Trust, and DOES 1 THROUGH 100, inclusive,  :
                                       :
                          Defendants.  :
------------------------------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: November 16, 2016 |

16-cv-1737 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

      Plaintiff Lovella Horton alleges five causes of action related to the foreclosure sale of her property against the defendants, Wells Fargo Bank N.A. ("Wells Fargo"); the Bank of New York as Trustee for World Savings Bank Mortgage Pass Through Certificates REMIC 29 Trust (the "Trust"); and various Does (collectively, "defendants"). Specifically, in her amended complaint, plaintiff alleges: (1) "Declaratory Relief"; (2) "Constructive Fraud"; (3) "TILA"; (4) "Slander of Title"; and (5) "California's HBOR". Defendants move to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim.

      Plaintiff's amended complaint contains various generalized arguments concerning the Adjustable Rate Mortgage Note ("Note") and Deed of Trust associated with her property; the gravamen of plaintiff's dispute, however, appears focused on her efforts to effectuate a loan modification while the foreclosure of her property was occurring. For the reasons explained below, plaintiff has failed to

state a claim on all of her causes of action that are not barred by the applicable statute of limitations, and defendants' motion to dismiss is therefore GRANTED.

I.     BACKGROUND[1]

On May 12, 2005, plaintiff Lovella Horton executed a $304,000 Adjustable Rate Mortgage Note ("Note") with World Savings Bank, FSB ("World Savings Bank"), a federal savings bank.  (Verified Amend. Compl. ("VAM") ¶ 6, ECF No. 19; see Pierre Decl. Ex. B., ECF No. 24-2.)  On that same date, plaintiff executed a Deed of Trust with World Savings Bank, which was secured by plaintiff's property located at 3569 Rolling Rock Court, Perris, CA 92571 ("the Property").  (Pierre Decl. Ex. C.)  Golden West Savings Association Service Co. was identified in the Deed of Trust as the trustee.  (Id.; VAM ¶ 10.)  The Deed of Trust was recorded on May 13, 2005, in the Riverside County Clerk's Office.  (Pierre Decl. Ex. C.)

On December 31, 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB ("Wachovia"), and remained a federal savings bank.  (Pierre Decl. Ex. D.)  In November 2009, Wachovia changed its name to Wells Fargo Bank Southwest, N.A. ("Wells Fargo"), and immediately merged into Wells Fargo, which was and is a national association.  (Id.)

Plaintiff subsequently failed to make her loan payments and defaulted on her loan.  On or about July 6, 2015, a Notice of Default was recorded against the Property.  (VAM ¶ 39.)  On or about July 7, 2015, plaintiff received a letter from

---

[1] The following facts are taken from plaintiff's amended complaint as well as documents that this Court may take judicial notice of and which were attached to the Declaration of Zalika T. Pierre, dated June 21, 2016 ("Pierre Decl.", ECF No. 24.)

Wells Fargo indicating that the Deed of Trust was in foreclosure. (VAM ¶ 40.) On or about July 10, 2015, plaintiff received a letter from the County of Riverside that the Property was in foreclosure. (VAM ¶ 43.) On December 28, 2015, Barrett Daffin Frappier Treder & Weiss, LLP (as the duly appointed Trustee under and pursuant to the Deed of Trust) sent out a Notice of Sale, setting the foreclosure sale of the Property for January 28, 2016. (VAM ¶ 50; Pierre Decl. Ex. E.) The Property was then sold at a foreclosure sale to a third-party buyer on January 28, 2016. (VAM ¶ 51.)

Plaintiff commenced the instant action on March 8, 2016. (ECF No. 1.) Plaintiff subsequently filed an amended complaint on June 7, 2016. (ECF No. 19.) In her amended complaint, plaintiff alleges five causes of action[2]: (1) "Declaratory Relief"; (2) "Constructive Fraud"; (3) "TILA"; (4) "Slander of Title"; and (5) "California's HBOR". Now before the Court is defendants' motion to dismiss the amended complaint for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

II.   LEGAL STANDARDS

A.   Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must provide grounds upon which his claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting

---

[2] Plaintiff labels these "counts."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  Id.  The Court will give "no effect to legal conclusions couched as factual allegations."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).  A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).  But, if the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate.  Twombly, 550 U.S. at 570; Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 679).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may supplement the allegations in the complaint with facts from documents either

referenced in the complaint or relied upon in framing the complaint.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991))).

    B.    Federal Rule of Civil Procedure 9(b)

"Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for allegations of fraud: In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006) (internal quotation marks omitted).  The Second Circuit has explained that in order to comply with Rule 9(b) "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Id. (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)).  Plaintiff must "plead the factual basis which gives rise to a strong inference of fraudulent intent." Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co., 478 F. App'x 679, 681

(2d Cir. 2012) (quoting <u>O'Brien v. Nat'l Prop. Analysts Partners</u>, 936 F.2d 674, 676 (2d Cir. 1991)).  "A strong inference of fraudulent intent 'may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" <u>Id.</u> (quoting <u>Lerner</u>, 459 F.3d at 290-91).

    C.   <u>Choice of Law</u>

"As a general rule, a federal court sitting in diversity or with pendent jurisdiction over state law claims applies the choice of law rules of the state in which it sits." <u>Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.</u>, 434 F. Supp. 2d 203, 207-08 (S.D.N.Y. 2006) (citing <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 497 (1941)).  Therefore, this Court generally applies New York's choice of law rules because it sits in New York.  "When confronted with a choice of law question, New York courts generally look to the law of the jurisdiction that has 'the greatest interest in the litigation,' as determined by the 'facts or contacts which . . . relate to the particular law in conflict.'" <u>Mendy v. JP Morgan Chase & Co.</u>, No. 12 CIV. 8252 PGG, 2014 WL 1224549, at *6 (S.D.N.Y. Mar. 24, 2014) (citations omitted).  However, where the parties have agreed that a particular state's law will govern their dispute, "New York law gives full effect to the parties' choice-of-law provisions." <u>Krock v. Lipsay</u>, 97 F.3d 640, 645 (2d Cir. 1996).  In this case, the Deed of Trust provides that to the extent federal law does not apply, the law of the

jurisdiction in which the Property is located (California) shall govern the Deed of Trust and Note.[3]  (Pierre Decl. Ex. C. at 9 ¶ 15.)

III.     DISCUSSION[4]

    A.     Count I: "Declaratory Relief"

    Count one of plaintiff's amended complaint is labeled "Declaratory Relief."[5] Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary.  See Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003).

    The Second Circuit has "noted that the primary issues in assessing the appropriateness of declaratory relief are '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'" Chevron Corp. v. Naranjo, 667 F.3d 232, 245 (2d Cir. 2012) (quoting Dow Jones & Co., 346 F.3d at 359).  The Court also considers "(1) whether the proposed remedy is

---

[3] The parties agree that California law applies.  (See Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Mem in Opp."), ECF No. 27, at 2; Defendant's Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Mem."), ECF No. 28, at 3.)

[4] This Court has jurisdiction under 28 U.S.C. § 1331 over plaintiff's federal claim under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state law claims arising under California law.

[5] Plaintiff's amended complaint does not explicitly identify the legal basis for this cause of action.  The arguments and case law cited in plaintiff's Mem. in Opp. suggest plaintiff is seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

being used merely for 'procedural fencing' or a 'race to res judicata'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." Id. (quoting Dow Jones & Co., 346 F.3d at 359-60).

Plaintiff states that an actual controversy "has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do/did not have a valid security interest in the Property sufficient to foreclose against the Property because Defendants, and each of them, have failed to perfect any security interest in the Property, and/or cannot prove that they have a valid security interest in the Property." (VAM ¶ 71.)  Plaintiff further alleges that "the splitting of the Note and Deed of Trust violated the terms of the Note, Deed of Trust, and/or California law, and the Defendants lacked power and authority to foreclose against Plaintiff." (VAM ¶ 72.)  Plaintiff requests "that this Court declare that all attempts to foreclose by Defendants against the subject property are void."  (VAM ¶ 73.)

The Court concludes that plaintiff has failed to state a cognizable claim under count one and that there is therefore no actual controversy present to support declaratory relief.[6]  Compare Ramirez v. Kings Mortg. Servs., Inc., No. 1:12-CV-

---

[6] The Court notes that in her Mem in Opp., plaintiff asserts that "in the instant case [she] is not claiming that a void assignment resulted in a wrongful foreclosure."  (Mem. in Opp. at ¶ 24.)  But confusingly, plaintiff's argument, as well as the case law cited, seems to suggest that this is indeed what she is arguing.  In any event, plaintiff has failed to state a claim.

01109-AWI, 2012 WL 5464359, at *9 (E.D. Cal. Nov. 8, 2012) ("Plaintiffs failure to state a cognizable claim demonstrates the absence of an actual controversy to support declaratory relief."), with Springer v. U.S. Nat'l Bank Ass'n., No. 15-CV-1107(JGK), 2015 WL 9462083, at *6-*9 (S.D.N.Y. Dec. 23, 2015) (finding that the plaintiff pled an actual case or controversy "as to whether U.S. Bank entered into assignments that violated the terms of the promissory note and deed of trust" ).[7]

Plaintiff does not clearly identify the theory upon which she bases her alleged legal conclusion that defendants lack a valid security interest in the Property.  The only particularized allegation that plaintiff arguably puts forth in support of count one is that "the splitting of the Note and Deed of Trust violated the terms of the Note, Deed of Trust, and/or California law, and the Defendants lacked power and authority to foreclose against Plaintiff."[8]  (VAM ¶ 72.)  This allegation fails to state a claim as a matter of law.

"[T]he Ninth Circuit has indicated that a mortgage is unenforceable only if a promissory note and a deed are 'irreparably split.'"  Ramirez v. Kings Mortg. Servs., Inc., No. 1:12-CV-01109-AWI, 2012 WL 5464359, at *5 (E.D. Cal. Nov. 8, 2012)

[7] The Court further notes that plaintiff does not have standing to bring a challenge (which she vaguely alludes to in her general factual allegations) based on any alleged securitization or violation of a Pooling and Servicing Agreement.  See Springer, 2015 WL 9462083 at *3-6; Sargent, 2013 WL 3878167, at *3.

[8] Plaintiff appears to generally allege that "the entity that represented itself as the trustee of the deed of trust did not appear to be legally appointed thus making the foreclosure a wrongful one." (VAM ¶ 57.)  Plaintiff has not put forth any particularized factual allegations that, even if accepted as true, would suggest that the trustee was not legally appointed.  Indeed, in plaintiff's amended complaint, she notes that "a Substitution of Trustee was recorded against the property."  (VAM ¶ 36.)  Plaintiff has not pled any facts sufficient to challenge the legality of the trustee or its actions.

(quoting Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir. 2011)).  In Cervantes, the plaintiff asserted the general claim that "any foreclosure on a home loan tracked in the [Mortgage Electronic Registration Systems (MERS)] is 'wrongful' because . . . the system splits the deed from the note, and, thus, no party is in a position to foreclose."  656 F.3d at 1044.  The Ninth Circuit rejected the plaintiff's claim in Cervantes because "the notes and deeds [were] not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." Id.

In the present action, plaintiff has failed to plead any particularized facts to demonstrate if and how the Note and Deed of Trust were irreparably split. Plaintiff's sole allegation is that "Plaintiff discovered the existence of the Trust and that the Trust claimed ownership of the promissory note going back to July 2005 . . . [and] that, while the Trust was claiming ownership of the promissory note, [Wells Fargo] was claiming ownership of the Deed of Trust."  (VAM ¶¶ 53, 55.)  However, plaintiff has not alleged any facts that would establish whether or not any assignment of an interest in the Note to the Trust was improper.  Nor can any reasonable inferences from plaintiff's amended complaint be drawn demonstrating that defendants were not acting as the lender or an agent of the lender.  The Notice of Trustee Sale indicated that Barrett Daffin Frappier Treder & Weiss, LLP was acting "as duly appointed Trustee under and pursuant to [the] Deed of Trust."[9]

---

[9] Plaintiff even states in her amended complaint that "[o]n or about June 18, 2015, a Substitution of Trustee was recorded against the property, executed by Barrett Daffin Frappier Treder & Weiss, LLP, as attorney in fact and naming themselves (Barrett Daffin Frappier Treder & Weiss, LLP) as the new Trustee of the Deed of Trust."  (VAM ¶ 36.)

(Pierre Decl. Ex. E.)  Plaintiff has not put forth any particularized allegations to the contrary.

In short, plaintiff has failed to allege how there has been any irreparable splitting of the Note and Deed of Trust and has thus failed to state a claim on count one.  See Cervantes, 656 F.3d at 1044; Barbieri v. PWFG REO Owner, LLC, No. C 12-05252 WHA, 2013 WL 57865, at *3 (N.D. Cal. Jan. 2, 2013) ("Here, plaintiff's lengthy complaint does not address whether the foreclosing party was acting on behalf of the lender. . . Plaintiff has failed to allege how there has been any irreparable splitting of the promissory note and deed of trust, or why Consumer Solutions was not acting as an agent of the lender."); Sargent v. JPMorgan Chase Bank, N.A., No. C 13-01690 WHA, 2013 WL 3878167, at *2 (N.D. Cal. July 25, 2013) ("In the present action, plaintiff has failed to make clear if and how the note and deed of trust were irreparably split, or why defendants were not acting as agents of the lender.").

B.      Count II: "Constructive Fraud"

The Court also dismisses count two of plaintiff's amended complaint – alleging "constructive fraud" – because plaintiff has not met the heightened pleading standard applicable to her fraud claim; indeed, plaintiff's amended complaint is almost completely devoid of the required specificity.  Under California law, "[t]he elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage."  Doe v. Gangland Prods., Inc., 730 F.3d 946, 960 (9th Cir. 2013) (citing Lazar v. Super. Ct.,

12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996); see also McFall v. Stacy & Witbeck, Inc., No. 14-CV-04150-JSC, 2016 WL 6248882, at *3 (N.D. Cal. Oct. 26, 2016).  "Under both federal and California law, elements of fraud must be pled with specificity, including "'the who, what, when, where, and how' of the misconduct charged' so as to put the defendant on notice of the charges against which he must defend." Valencia v. Sharp Elecs. Corp., 561 F. App'x 591, 593 (9th Cir. 2014) (quoting Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)); see also Lerner, 459 F.3d at 290-91.

Plaintiff's amended complaint does not identify any alleged misrepresentations made by defendants.  Plaintiff conclusively states that "[f]rom the closing through today, Defendants materially misrepresented their respective status as the holder and owner of the Note and Deed of Trust."  (VAM ¶ 75.) However, plaintiff does not identify any particular statements that she contends were fraudulent.  Plaintiff's conclusory allegation that the defendants lied does not satisfy Rule 9(b)'s heightened pleading requirements.  See Walker v. Ditech Fin. LLC, No. 16-CV-03084-KAW, 2016 WL 5846986, at *7 (N.D. Cal. Oct. 6, 2016) (fraud claims dismissed where "Plaintiffs fail to specify, for example, which Defendant said what, when these statements were made, and which employees made the statements."); see also United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

In addition, plaintiff has also failed to plead, with the required particularity, how she relied on any of defendants' alleged misrepresentations and the damage

12

plaintiff allegedly suffered as a result of such reliance.  Plaintiff conclusively states that she relied on the alleged misrepresentations to her detriment, including "the inability of Plaintiff to obtain a mortgage modification, since it was impossible to achieve (unbeknownst to Plaintiff) because [Wells Fargo] did not own the Note." (VAM ¶ 78.)  Such generalized allegations are insufficient.  In short, the allegations here "lack [ ] facts to support fraud elements, let alone the who, what, when, and how of alleged misconduct."  Altmann v. Wells Fargo Bank, N.A., No. 116CV01121LJOSKO, 2016 WL 4943924, at *4 (E.D. Cal. Sept. 16, 2016) (citation omitted).  "'Threadbare recitals of the elements of a cause of action' and 'conclusory statements' are inadequate."  Cavender v. Wells Fargo Bank, No. 16-CV-00703-KAW, 2016 WL 4608234, at *2 (N.D. Cal. Sept. 6, 2016) (quoting Iqbal, 556 U.S. at 678)).  Plaintiff's second claim is therefore dismissed.

     C.    Count III: "TILA"

In count three of her amended complaint, plaintiff asserts a claim under the Truth in Lending Act ("TILA").  Plaintiff alleges that defendants "were required to disclose the assignment and transfer of the Note and Deed of Trust each and every time that they were assigned or transferred" and that defendants "failed to disclose the assignment and/or transfer of the Note in July 2005."  (VAM ¶¶ 82-83.)  This claim is barred by the applicable one-year statute of limitations and is therefore dismissed.

TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the

creditor that is the new owner of assignees of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641(g)(1). The notice is to include five elements: "(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." Id. Through regulation, known as Regulation Z, the Consumer Finance Protection Bureau has provided more detail as to the required form of the notice required by TILA. See 12 C.F.R. § 226.39.

The "statute of limitations for causes of action brought under TILA and Regulation Z is one year from the date of the alleged violation. Obal v. Deutsche Bank Nat. Trust Co., No. 14 CIV. 2463, 2015 WL 631404, at *10 (S.D.N.Y. Feb. 13, 2015), aff'd sub nom. 2016 WL 6518865 (2d Cir. Nov. 3, 2016); see 15 U.S.C. § 1640(e) ("any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."). Defendants correctly assert that plaintiff's claim is barred by the applicable statute of limitations. Accepting plaintiff's allegation as true that defendants "failed to disclose the assignment and/or transfer of the Note in July 2005" (VAM ¶ 83), defendants' violation of TILA occurred not later than August 2005. Accordingly, the statute of limitations on plaintiff's TILA claim expired nearly ten years before plaintiff commenced this action in 2016. See Obal, 2015 WL 631404, at * 10; see also Le Bouteiller v. Bank of N.Y. Mellon, No. 14

14

CIV. 6013 PGG, 2015 WL 5334269, at *10 (S.D.N.Y. Sept. 11, 2015).[10]  Count three

of plaintiff's amended complaint is therefore dismissed at time barred.

      D.    <u>Count IV: "Slander of Title"</u>

In count four, plaintiff brings a claim for slander of title.  "Slander of title

occurs when there is an unprivileged publication of a false statement that

disparages title to property and causes pecuniary loss."  <u>Saterbak v. Nat'l Default

Servicing Corp.</u>, No. 15CV956-WQH-BGS, 2016 WL 4430922, at *14 (S.D. Cal. Aug.

22, 2016) (quoting <u>Stalberg v. W. Title Ins. Co.</u>, 27 Cal. App. 4th 925, 929 (1994)).

In order to state a claim for slander of title, plaintiff must allege: "(1) a publication,

(2) which is without privilege or justification, (3) which is false, and (4) which causes

direct and immediate pecuniary loss."  <u>Manhattan Loft, LLC v. Mercury Liquors,

Inc.</u>, 173 Cal. App. 4th 1040, 1051 (2009).  "A privilege, either absolute or qualified,

is a defense to a charge of slander of title."  <u>Saterbak</u>, 2016 WL 4430922, at *14

(quoting <u>Smith v. Commonwealth Land Title Ins. Co.</u>, 177 Cal. App. 3d 625, 630

(1986)).  "[W]here the Complaint shows that the communication or publication is

one within the classes of qualified privilege, it is necessary for the plaintiff to go

further and plead and prove that the privilege is not available as a defense in the

particular case, e.g., because of malice."  (<u>Id.</u>) (citations omitted).

---

[10] Plaintiff claims that defendants alleged TILA violation "was concealed by Defendants and was not reasonably ascertainable until discovery by Plaintiff upon review of the November 5, 2015, loan audit." (VAM ¶ 84.)  Plaintiff's assertion is not supported by well-pled factual allegations and therefore will not be accepted as true.  <u>See</u> <u>Port Dock & Stone Corp.</u>, 507 F.3d at 121.  "A plaintiff seeking to toll the applicable statue of limitations [on the grounds of fraud] must meet the particularity standard of Rule 9(b)."  <u>S.E.C. v. Wyly</u>, 788 F. Supp.2d 92, 104 (S.D.N.Y. 2011) (quotation marks and alterations omitted).  Plaintiff has not met that standard.

Plaintiff has put forth no factual allegations to support her claim for slander of title; rather, plaintiff has merely parroted the applicable legal standard for slander of title, which is insufficient to survive a motion to dismiss.  In addition, the Notice of Default and Notice of Intent to Foreclose, which plaintiff vaguely attacks, are privileged, and plaintiff has not sufficiently pled malice to overcome such privilege.  See Carswell v. JP Morgan Chase Bank N.A., 500 F. App'x 580, 582-83 (9th Cir. 2012) ("The district court properly dismissed the claim for slander of title. Statements made by Defendants in connection with the statutory nonjudicial foreclosure proceedings were privileged and cannot support a claim for slander of title." (citing Kachlon v. Markowitz, 168 Cal.App.4th 316, 85 Cal.Rptr.3d 532, 545 (2008)); see also Saterbak, 2016 WL 4430922, at *15 ("The Court concludes that filing the Notice of Default and Notice of Trustee's Sale was privileged.").[11] Plaintiff's fourth claim is therefore dismissed.

E.    Count V: "California's HBOR"

Plaintiff's fifth and last cause of action alleges that defendants violated the California Homeowner Bill of Rights ("HBOR").[12]  Specifically, plaintiff alleges that defendant violated HBOR by "dual tracking."[13]  California Civil Code Section

---

[11] The Court also notes that independently, plaintiff has not pled sufficient facts to demonstrate any falsity.

[12] HBOR is codified generally in California Civil Code §§ 2923.5, 2923.55, 2923.6, 2923.7, 2924.11.

[13]  Plaintiff also argues that defendants violated HBOR "[b]y negligently or intentionally mishandling the mortgage modification process thus causing preventing Plaintiff from completing the mortgage modification process before the foreclosure of Plaintiff's property." (VAM ¶ 97.) Plaintiff does not supply any statutory provisions of HBOR creating such a cause of action, and the Court finds none.  Nor does plaintiff pursue this argument in her briefing.  The Court therefore rejects this argument and focuses solely on plaintiff's allegation of "dual tracking."

2923.6(c) states: "If a borrower submits a complete application for a first lien loan modification . . . a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale . . ." unless certain other conditions are met.  Cal. Civil Code § 2923.6(c).  Section 2923.6 also sets forth that an application is "complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."  California Civil Code § 2923.6(h); see also Gardenswartz v. SunTrust Mortg., Inc., No. CV 14-08548 SJO RZX, 2015 WL 900638, at *4 (C.D. Cal. Mar. 3, 2015) (noting that "dual tracking the practice of pursuing foreclosure proceedings while a borrower's loan modification application is still pending" (citations omitted)).

In response to count five, defendants primarily argue that plaintiff's claim is preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq.  (See Memorandum of Law in Support of Defendants Motion to Dismiss ("Mem. in Supp.", ECF No. 25, at 18-22.)  Federal preemption occurs "where Congress has expressly preempted state law, where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law, or where federal law conflicts with state law."  Wachovia Bank, N.A. v. Burke, 414 F.3d 305, 313 (2d Cir. 2005).  Federal statutes and regulations have similar preemptive effect on state and common law.  See Flagg v. Yonkers Savings and Loan Ass'n, FA, 396 F.3d 178, 182 (2d Cir. 2005) ("Federal regulations have no less preemptive effect that federal statutes.").

Defendants also argue that "[e]ven if Plaintiff's claim is not preempted, Plaintiff has failed to state a claim for violation of California Civil Code § 2923.6 of the Homeowner's Bill of Rights."  (Reply Mem. at 10-11.)  Specifically, defendants state that plaintiff's amended complaint contains only bald allegations that Wells Fargo allegedly participated in "dual tracking," which are insufficient to state a claim under Section 2923.6(c).  (Id. (citing Saridakis v. JPMorgan Chase Bank, No. CV 14-06279 DDP EX, 2015 WL 570116, at *2 (C.D. Cal. Feb. 11, 2015)); Hernandez v. Select Portfolio, Inc., No. CV 15-01896 MMM AJWX, 2015 WL 3914741, at *9 (C.D. Cal. June 25, 2015)).  Defendants therefore assert that plaintiff has not adequately alleged factual support to establish that plaintiff submitted a "completed application."

The Court concludes that plaintiff's fifth count fails to sufficiently allege plaintiff submitted a "completed application" as required by Section 2923.6(c). Indeed, despite alleging that she submitted various documents and was in the process of applying for a loan modification, plaintiff never specifically alleges that she submitted a completed application.[14]  In any event, such an allegation would be contradicted by the other factual allegations contained in plaintiff's complaint, which, accepted as true, demonstrate that plaintiff was still submitting requested documentation and therefore had not submitted a completed application.  (See, e.g., VAM ¶¶ 47-48.)  Plaintiff has therefore failed to state a claim on count five.

---

[14] Plaintiff appears to admit that she never submitted a completed application.  (See VAM ¶ 51 "On January 28, 2016, the Property was sold at a foreclosure sale to GW San Diego Properties, LLC, even though Plaintiff *was still in the mortgage modification process*.") (emphasis added))

F.    Leave to Amend

Plaintiff requests that in the event the Court dismisses any of her causes of actions, plaintiff be permitted leave to amend said causes of action.  (Mem. in Opp. at 15.)  "[L]eave to file an amended pleading is ordinarily given freely, unless granting such leave would be futile."  Shechet v. Doar, 518 F. App'x 26, 27 (2d Cir. 2013).  In the present case, the Court finds that leave to amend would be futile with regards to each of plaintiff's claims, and leave to amend is therefore denied.  "There is nothing to suggest that, if given a second opportunity to amend [her] Complaint, [plaintiff] would be able to make out a claim that would survive a motion to dismiss."  Cox v. Nationstar Mortg. LLC, No. 15CV9901(DLC), 2016 WL 3926467, at *4 (S.D.N.Y. July 18, 2016).  Furthermore, plaintiff has "already had one opportunity to amend [her] complaint in response to an earlier motion to dismiss that largely made the same arguments."  Id.

IV.    CONCLUSION

For the reasons set forth above, defendant's motion is GRANTED and plaintiff's amended complaint is DISMISSED in its entirety.  The Clerk of Court is directed to terminate the motion at ECF No. 23.

SO ORDERED.

Dated:        New York, New York
              November 16, 2016

_____
        KATHERINE B. FORREST
        United States District Judge

19